NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EISAI INC., <br><br> Plaintiff, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 12-7208 (ES) <br><br> MEMORANDUM OPINION and ORDER |

**SALAS, DISTRICT JUDGE**

By Order dated June 30, 2014 and Opinion dated July 1, 2014, this Court granted Plaintiff Eisai Inc.'s ("Eisai") motion for partial summary judgment and denied Defendant Zurich American Insurance Company's ("Zurich") motion for summary judgment. (D.E. Nos. 44, 45). Zurich now moves to certify the Order for interlocutory appeal under Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b). (*See* D.E. No. 48-1, Memorandum of Law in Support of Defendant's Motion for Entry of Final Judgment Pursuant to Rule 54(b) and/or Certification to Appeal Pursuant to 28 U.S.C. § 1292 and for Modification of June 30, 2014 Order and for Stay ("Zurich's Motion to Certify")). Eisai opposes Zurich's motion. (*See* D.E. No. 52, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Entry of Final Judgment and Certification of Appeal Pursuant to Rule 54(b) and/or for Certification to Appeal Pursuant to 28 U.S.C. § 1292 and for Modification of June 30, 2014 Order and Stay ("Eisai's Opp.")). Zurich submitted a reply in further support of its motion. (D.E. No. 55, Reply Memorandum of Law in Further Support of Defendant's Motion for

Entry of Final Judgment Pursuant to Rule 54(b) and/or Certification to Appeal Pursuant to 28 U.S.C. § 1292 and for Modification of the June 30, 2014 Order and for Stay ("Zurich's Reply")).

The Court decides Zurich's motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, the Court DENIES Zurich's motion.

**I.     BACKGROUND AND THE PARTIES' CONTENTIONS**

In the Opinion accompanying the relevant Order, the Court detailed Eisai's factual allegations giving rise to this action and incorporates that background herein.  (*See* D.E. No. 45 at 2–7).  In that Opinion, the Court also set forth its reasons for granting Eisai's motion for partial summary judgment and denying Zurich's motion for summary judgment.  (*See id.* at 9–24).  In particular, the Court found that Zurich had a duty to defend Eisai in the underlying Qui Tam Action.  (*See id.* at 14).

Approximately three weeks thereafter, Zurich filed the motion now pending before the Court.  In its motion, Zurich seeks interlocutory appellate review of the Court's Order concerning the duty to defend under either Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292, and a stay of the proceedings.  (*See* Zurich's Motion to Certify at 2, 17).

In support of its motion pursuant to Fed. R. Civ. P. 54(b), Zurich first argues that its motion is timely because it was filed within thirty days of the date of the June 30, 2014 Order. (*Id.* at 3).  Second, Zurich argues that the June 30, 2014 Order is an "ultimate disposition" of the duty to defend declaratory judgment claim in the Complaint.  (*Id.* at 5).  Finally under Fed. R. Civ. P. 54(b), Zurich argues that there is "no just reason for delay" since either affirmation or reversal of the duty to defend claim by the Third Circuit would advance the litigation: if the duty to defend claim is affirmed, it would "clearly facilitate a settlement of the remaining claims"; conversely, a reversal would obviate the need for trial on the remaining issues.  (*Id.* at 7).

Eisai first and foremost opposes Zurich's motion pursuant to Rule 54(b) on grounds that the June 30, 2014 Order is not "final." According to Eisai, because the amount of defense costs for which Zurich is liable under Count I (the declaratory judgment on the duty to defend) is still unresolved, and because there are other counts in the complaint which are factually related to the duty to defend including breach of contract and breach of the duty of good faith, the June 30, 2014 Order is not "final" for purposes of Fed. R. Civ. P. 54(b). (Eisai's Opp. at 10). Additionally, Eisai argues that Zurich has not shown that there is "no just reason for delay" since the Third Circuit could be required to revisit the duty to defend at a later date, even if the interlocutory appeal is granted. (*Id.* at 12). For example, Eisai notes that this Court left open the question of whether there was any "interrelatedness" between the Qui Tam Action and the Keeler Whistleblower Action and that "the appellate court may again be asked to review the issue of coverage in the event that Zurich loses on the breach of the duty of good faith and fair dealing claim and appeals." (*Id.* at 13).

Zurich alternatively argues for interlocutory appeal pursuant to 28 U.S.C. § 1292. In support of its motion under section 1292, Zurich first argues that its motion is timely because the only time requirement comes into play once section 1292 is triggered by the district court. (Zurich's Motion to Certify at 9). Second, Zurich argues that the duty to defend is a controlling question of law. (*Id.* at 12). Third, and most significantly, Zurich contends that substantial grounds exist for disagreeing with this Court's decision on the duty to defend. (*Id.* at 14–15). According to Zurich, "courts throughout the country have universally rejected" the approach followed by this Court of "focus[ing] on the conduct underlying the False Claims Act ('FCA') claims, and not the actual relief sought in the Qui Tam Action." (*Id.* at 14). In particular, Zurich cites five cases and states that "[t]hese courts have held without equivocation 'that an insurer is not obligated to defend

3

a qui tam suit merely because the insurer would have to defend the insured against a suit for damages resulting from the insured's conduct underlying the qui tam action.' *Health Care Indus.*, 566 F.3d at 695." (*Id.* at 14–15).  Thus, Zurich contends that because "all of these other courts that have considered this issue have rejected the relief sought by Eisai in this action, there is clearly a substantial basis for difference of opinion as to whether Zurich has a duty defend the Qui Tam Action." (*Id.* at 15).  Finally under section 1292, Zurich argues that an immediate appeal will "materially advance" the ultimate termination of this case since a reversal by the Third Circuit on the duty to defend would negate the remaining claims. (*Id.* at 16–17).  According to Zurich, any delay caused by granting the interlocutory appeal is irrelevant since trial is not impending. (*Id.* 17).  Indeed, Zurich also requests that the Court "stay proceedings on the remaining claims [except for Eisai's attorneys fees] while this motion is decided, and, if granted, while the appeal is pending." (*Id.* at 18).

In opposition to Zurich's motion pursuant to 28 U.S.C. § 1292, Eisai does not address the issue of timeliness and concedes that the duty to defend is a controlling issue of law. (Eisai's Opp. at 15).  However, Eisai argues that Zurich has failed to show a "substantial ground for difference of opinion" regarding the duty to defend. (*Id.*).  In particular, Eisai characterizes Zurich's position as "mere disagreement" and contends that Zurich's reliance on the cited cases is misplaced because of key differences in the operative language of the particular insurance policies. (*Id.* at 16).  Specifically, Eisai notes that "[t]his Court specifically interpreted the phrase 'in connection with' to require no causal relationship." (*Id.* at 17 (citing Opinion at 16)).  Eisai argues that "Zurich's disagreement with the Court's plain reading of the Zurich Policy is an argument regarding the interpretation of facts, not a substantial ground for difference of opinion on a controlling question of law," and furthermore notes that Zurich failed to cite any controlling case law on the issue. (*Id.*

at 17). Additionally, Eisai disagrees that certifying the Order for interlocutory appeal would materially advance the litigation, noting that the same outstanding issues would remain if the Third Circuit were to affirm the June 30, 2014 Order. (*Id.* at 21). Similarly, Eisai argues that a stay of the litigation is unwarranted because it would prolong the litigation and potentially prejudice Eisai with respect to outstanding discovery requests. (*Id.*).

## II.  LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 54(b)

Federal Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

The Supreme Court has set forth the steps a court must take in making determinations under Rule 54(b). First, a district court must determine that it is dealing with a "final judgment." "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956)). Only upon a finding of finality, the court must then determine whether there is "any just reason for delay." *Id.* at 8.

The Third Circuit has held that Rule 54(b) may be used to grant final judgment status over a declaratory judgment action which is part of a multi-claim litigation, as long as the declaratory

5

judgment aspect of the litigation has in fact been brought to conclusion. *See, e.g., National Union Fire Ins. Co. v. City Savings, F.S.B.*, 28 F.3d 376, 381 (3d Cir. 1994); *Heasley v. Belden & Blake Corp.*, 2 F.3d 1249, 1253 n.4 (3d Cir. 1993). "The classic definition of a 'final decision' is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 476 (3d Cir. 2006) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996)).

With respect to determining whether there is no just cause for delay, the Third Circuit has set forth five factors the district court should consider: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim that could result in setoff against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, and expense. *Gerardi v. Pelullo*, 16 F.3d 1363, 1371 (3d Cir. 1994).

Additionally, the Third Circuit has instructed that district courts be "conservative" in granting Rule 54(b) motions:

> [A] district court should be conservative in invoking Rule 54(b) to certify a judgment as final because if an aggrieved party appeals following the certification, the district court effectively will be electing to control the docket of a court of appeals. Furthermore, a court should be particularly cautious in certifying as final a judgment on a claim which is not truly distinct from the claims on remaining issues, for even if the certified judgment is inherently final, the facts underlying the claim resulting in that judgment may be intertwined with the remaining issues.

*Gerardi v. Pelullo*, 16 F.3d at 1372. Indeed, one district court found that Rule 54(b) should be "only used in the infrequent harsh case where the administration of justice would thereby be

6

improved." *Grieco v. N.J. Dep't of Educ.*, No. 06-cv-4077, 2008 WL 170041, at *1 (D.N.J. Jan. 16, 2008) (internal citations omitted).

### B. 28 U.S.C. § 1292(b)

28 U.S.C. § 1292(b) provides, in relevant part, that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Thus, "[t]he statute imposes three criteria for the district court's exercise of discretion to grant a § 1292(b) certificate." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). "The burden is on the movant to demonstrate that all three requirements are met." *Litgo N.J., Inc. v. Martin*, No. 06-2891, 2011 WL 1134676, at *2 (D.N.J. Mar. 25, 2011) (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004)).

"Certification, however, should only rarely be allowed as it deviates from the strong policy against piecemeal litigation." *Huber v. Howmedica Osteonics Corp.*, No. 07-2400, 2009 WL 2998160, at *1 (D.N.J. Mar. 10, 2009). Accordingly, "even if all three criteria under Section 1292(b) are met, the district court may still deny certification, as the decision is entirely within the district court's discretion." *Morgan v. Ford Motor Co.*, No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007).

**III.     DISCUSSION**

    **A.  Federal Rule of Civil Procedure 54(b)**[1]

The Court must first determine that it is dealing with a "final judgment" before determining whether there is "any just reason for delay." *Curtiss–Wright Corp.*, 446 U.S. at 7, 8. As noted, the Third Circuit has held that Rule 54(b) may be used to grant final judgment status over a declaratory judgment action which is part of a multi-claim litigation, as long as the declaratory judgment aspect of the litigation has in fact been brought to conclusion. *See, e.g., National Union Fire Ins. Co.*, 28 F.3d at 381. However, the Court does not believe that the declaratory judgment on the duty to defend is final.

Here, Zurich states that Count I of Eisai's Complaint is a claim for declaratory judgment that Zurich had a duty to defend Eisai in the Qui Tam Action. Zurich argues that once the Court granted Eisai's motion for partial summary judgment, "the Court completely and finally adjudicated Count I in the complaint in this action." (Zurich's Motion to Certify at 5).

The Court finds that the June 30, 2014 Order is not "final" for purposes of Rule 54(b). Count I of Eisai's Complaint has three distinct elements:

> (a) The entry of an Order declaring that Zurich is obligated to provide a defense for Eisai under the Policy with respect to the Qui Tam Action; (b) The entry of an Order declaring that Zurich is obligated under the Policy to reimburse Eisai for all costs to defend, investigate and mitigate losses incurred with respect to the Qui Tam action; and (d) [sic] The award of such relief as the Court deems just and appropriate.

(Compl. at 10). The June 30, 2014 Order specifically addressed the first element only. In other words, the June 30, 2014 Order is not "final" because it left outstanding the amount of defense costs for which Zurich is liable. *See Morton Int'l*, 460 F.3d at 476.

---

[1] As a preliminary matter, the Court finds that Zurich's motion is timely since it was filed on July 18, 2014—within thirty days of the June 30, 2014 Order. *See, e.g.*, *Schaefer v. First Nat'l Bank*, 465 F.2d 234 (7th Cir. 1972).

Furthermore, Count II (breach of contract) and Count III (breach of the duty of good faith and fair dealing) have not been ruled upon. Because these other two counts are so intertwined with and factually related to the duty to defend, the Court finds that the June 30, 2014 Order is not "final." *See, e.g.*, *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 593 (7th Cir. 1990) (The district court found that an insurance provider had a duty to defend the policyholder, but the Circuit Court found review under Rule 54(b) inappropriate: "[b]ecause the bad-faith claim is unresolved, the judgment did not dispose of all claims . . . .").

Thus, the Court is not satisfied that the June 30, 2014 Order is "final" for purposes of Rule 54(b) and therefore will not issue the requested certification of finality.[2]

### B.  28 U.S.C. § 1292(b)

The Court finds that Zurich has failed to satisfy all three elements required for interlocutory appeal under 28 U.S.C. § 1292(b). In particular, this Court finds that Zurich has failed to show that a "substantial ground for difference of opinion exists."

The Court finds that the duty to defend is a controlling question of law and that the first prong of Section 1292(b) is satisfied. "A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz*, 496 F.2d at 755. "Controlling" means serious to the conduct of the litigation in a practical or legal sense. *Florence v. Bd. of Chosen Freeholders of the Cnty. of Burlington*, 657 F. Supp. 2d 504, 508 (D.N.J. 2009) (citing *Katz*, 496 F.2d at 755). The Court finds that the duty to defend is a controlling question of law and notes that Eisai does not dispute this element. (Eisai's Opp. at 15).

---

[2] Because this Court believes that the June 30, 2014 Order is not "final" for purposes of Rule 54(b), it need not address whether there is "any just reason for delay," and in fact declines to do so. *See Curtiss–Wright Corp.*, 446 U.S. at 8.

However, the Court finds that the second prong of Section 1292(b) is not satisfied. A "substantial ground for difference of opinion" must "arise out of genuine doubt as to the correct legal standard." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996); *see also P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001) (same). "[M]ere disagreement with the district court's ruling" is not enough. *Kapossy*, 942 F. Supp. at 1001.

Here, Zurich argues that the Opinion applied an incorrect legal standard by "focus[ing] on the conduct underlying the False Claims Act ('FCA') claims, and not the actual relief sought in the Qui Tam Action." (Zurich's Motion to Certify at 14). In particular, Zurich cites five cases and states that "[t]hese courts have held without equivocation 'that an insurer is not obligated to defend a qui tam suit merely because the insurer would have to defend the insured against a suit for damages resulting from the insured's conduct underlying the qui tam action.' *Health Care Indus.*, 566 F.3d at 695." (*Id.* at 14–15). Thus, Zurich contends that because "all of these other courts that have considered this issue have rejected the relief sought by Eisai in this action, there is clearly a substantial basis for difference of opinion as to whether Zurich has a duty defend the Qui Tam Action." (*Id.* at 15).

However, a closer reading of the Opinion reveals that this Court's decision was based upon a plain reading of the relevant policy language, particularly the phrase "in connection with." (Opinion at 15–16). This Court interpreted "in connection with" to require no causal relationship. (*Id.* at 16). Most significantly, Zurich has not cited any controlling case law to show how interpreting "in connection with" in this manner was incorrect. Indeed, the cases cited by Zurich appear to apply the same general standard of plainly interpreting the relevant policy language. The fact that those other courts reached a different conclusion on similar—but distinguishable—factual

10

backgrounds does not convince the Court that a "substantial ground for difference of opinion" exists. *See, e.g.*, *Zurich Am. Ins. Co. v. O'Hara Reg'l Ctr. for Rehab.*, 529 F.3d 916, 923-24 (10th Cir. 2008) (key policy language "arising out of"). Rather, this Court interprets Zurich's motion as "mere disagreement" with the Opinion, and thus finds that the second prong of section 1292(b) is not satisfied. *Kapossy*, 942 F. Supp. at 1001.

Due to the fact that Zurich failed to satisfy the second requirement, the Court declines to certify its June 30, 2014 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[3]

## IV. CONCLUSION

In sum, recognizing that "interlocutory certification should be used sparingly and that the District Court should serve as a diligent gatekeeper to prevent premature and piecemeal appeals," *Bais Yaakov of Spring Valley*, 2013 WL 663301, at *5 (D.N.J. Feb. 21, 2013), the Court denies Zurich's motion for entry of final judgment pursuant to Rule 54(b) and/or certification to appeal pursuant to 28 U.S.C. § 1292(b). (D.E. No. 44). The Court has found that the June 30, 2014 Order is not "final" for purposes of Rule 54(b) and that Zurich has failed to show that a "substantial ground for difference of opinion exists" pursuant to 28 U.S.C. § 1292(b).

**IT IS** therefore on this 8th day of January 2015,

**ORDERED** that Defendant Zurich American Insurance Company's Motion for an Entry of Judgment pursuant to Fed. R. Civ. P. 54(b) is hereby DENIED; and it is further

**ORDERED** that Defendant Zurich American Insurance Company's Motion for a Certificate of Appealability pursuant to 28 U.S.C. § 1292(b) is hereby DENIED.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[3] The Court need not continue its analysis of the section 1292 elements. "All three requirements [of section 1292(b)] must be satisfied for a court to certify an issue for appeal." *See Royal Ins. Co. of Am. v. K.S.I. Trading Corp.*, No. 04-cv-867, 2006 WL 1722358 (D.N.J. June 19, 2006). Thus, the Court will not address whether granting the certification would materially advance the resolution of the litigation.